UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

COREY FRIEDMAN,

                Plaintiff,         **MEMORANDUM & ORDER**

    -against-                       Civil Action No. 07-2884

MARK SCHWARTZ,

                Defendant.
-------------------------------------------------------x

**Appearances:**

**Kenneth A. Elan**, **Esq.**
Attorney for Plaintiff
217 Broadway, Suite 606
New York, NY 10007

**Mark Schwartz**
Defendant Pro Se
800 N. Ocean Drive
Juno Beach, Fl 33408

**Hurley, Senior District Judge:**

       Plaintiff Corey Friedman ("Plaintiff") commenced this action seeking to recover the principal sum of $100,000.00, plus interest he allegedly loaned to defendant Mark Schwartz ("Defendant"). Presently before the Court are two motions. The first motion is by Defendant and seeks to set aside the Clerk's notation of default, to dismiss the complaint for lack of personal jurisdiction, improper service and improper venue, or to transfer venue on the grounds of forum non conveniens. The second motion is by Plaintiff and seeks the entry of a default judgment. For the reasons set forth below, the issue of whether Defendant was served with process shall be referred to Magistrate Judge Tomlinson for a hearing. The remainder of Defendant's motion,

dealing with lack of personal jurisdiction under New York's long arm statute, improper venue and forum non conveniens, and Plaintiff's motion for default judgment shall be denied without prejudice to renewal in the event service of process is found proper.

## Background

Plaintiff commenced this action on July 16, 2007 seeking to recover $100,000.00 plus interest representing money allegedly loaned to Defendant on October 1, 2003. According to the complaint and the papers filed by Plaintiff in connection with the instant motions, Plaintiff met Defendant in the summer of 2003 in New York, New York when Defendant was in the process of producing a show called "Harmony." After spending several evenings with the Defendant, Plaintiff was persuaded to become an investor in the production. After making an initial investment in the production, Plaintiff was solicited by Defendant to invest additional monies during meetings in New York City and Plaintiff's residence in Sands Point, New York. Defendant allegedly represented that he would give Plaintiff a lien on his condominium in Florida as security for the loan. Eventually, Plaintiff agreed to loan Defendant personally $100,000.00 with interest at the rate of ten percent and payable on demand. Pursuant to Defendant's request, Plaintiff wired the funds to Defendant at a bank account maintained by Defendant for the show at JPMorgan Chase located at 3 Times Square, New York, New York. The letter of authorization indicates that Defendant maintained an office for the show at 254 West 44th Street, New York, New York. Despite having wired the funds, Plaintiff never received documentation memorializing the agreement with Defendant.

Defendant asserts that Plaintiff loaned the funds to Harmony on Broadway LLC and not to him personally. He contends he was just an officer of that entity and authorized to act on its

behalf. He asserts he is a Florida resident and not subject to personal jurisdiction in New York.

## Discussion

**I. Service of Process**

According to the affidavit of service, service of process was made upon Defendant on August 8, 2007 at 8:05 a.m. by affixing a copy of the summons and complaint to the door of his residence, 800 Ocean Drive, #201, Juno Beach, Florida and then mailing a copy to that address after having attempted to serve Defendant on July 30, 2007 at 7:10 p.m., August 1, 2007 at 8:05 a.m., August 4, 2007 at 9:00 (illegible) and August 8, 2007 at 8:05 a.m. The affidavit further states that the process server spoke to a neighbor "John" Bell and based on that conversation believes that the Defendant was not in military service.

In his moving papers, Defendant asserts that he "has never been served," "does not know the neighbor referred to," and was out of state when service was attempted. Plaintiff responds by pointing out that Defendant does not deny that the address on the affidavit of service is his, and that in fact in his papers to this Court Defendant list his address as 800 N. Ocean Avenue, Juno Beach, Florida. In reply, Defendant asserts again that he was not served. "There was no contact with the Defendant, no posted notice as alleged, no certified mail return receipt. Defendant does not deny he lives at 800 Ocean Drive, he denies being served."

"[A] process server's affidavit of service establishes a prima facie case of the account of the method of service, and thus, in the absence of contrary facts, [courts] presume that [the defendant] was properly served with the complaint." *Old Republic Ins. Co. v. Pacific Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002). "A defendant's sworn denial of receipt of service, however, rebuts the presumption of proper service established by the process server's affidavit

3

and necessitates an evidentiary hearing." *Id.* No evidentiary hearing is required "where the defendant fails to swear to 'specific facts to rebut the statements in the process server's affidavits.'" *Id.* at 58 (quoting *Simonds v. Grobman,* 716 N.Y.S.2d 692, 293 (2d Dept. 2000)).

Rule 4(e)(1) of the Federal Rules of Civil Procedure permits service of process "pursuant to the laws of the state in which the district court is located. . . . ." Fed. R. Civ. P. 4(e)(1). Here, the process server's affidavit establishes a prima facie account that Defendant was properly served pursuant to N.Y. CPLR 308(4). Section 308(4) permits service upon a natural person by affixing a copy of the summons and complaint to the door of either the actual place of business, dwelling place or usual place of abode and then mailing a copy to the person's last know residence if attempts at service by delivery to the person to be served or delivery to a person of suitable age and discretion cannot be made with due diligence. N.Y. CPLR 308. New York Court have held three attempts to serve process during non-business hours sufficient to constitute due diligence. *See, e.g., Lara v. 1010 E. Tremont Realty Corp.,* 205 A.D.2d 468 (1st Dept. 1994); *Rodriguez v. Khamis*, 201 A.D.2d 715 (2d Dept. 1994).

Although Defendant's assertion that there was no summons and complaint nailed to his door and "no return receipt requested" is contained in an unsworn document, giving due latitude to the pro se Defendant, the Court finds this is enough to raise a question as to whether Defendant was properly served with process and requires a traverse hearing. *See United States v. Cally*, 197 F.R.D. 27, 28-29 (E.D.N.Y. 2000). Accordingly, the issue shall be referred to Magistrate Judge Tomlinson for a hearing pursuant to 28 U.S.C. § 636.

**Conclusion**

This matter is respectfully referred to Magistrate Judge Tomlinson for a traverse hearing on the issue of whether Defendant was properly served with process. Defendant's motion to dismiss for lack of personal jurisdiction under New York's long arm statute, improper venue or to transfer for forum non conveniens, as well as Plaintiff's motion for default judgment are denied without prejudice to renewal should it be determined that Defendant was properly served with process.

Dated: Central Islip, New York
      May 30, 2008                                    /s/
                                                               Denis R. Hurley
                                                               Senior District Judge